UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
IN RE:

    GARY L. SURPRISE                              CASE NO. 05-60398
    MARY ANN SURPRISE

                                 Debtors              Chapter 7
--------------------------------------------------------
APPEARANCES:

KRISTIN M. SUNSER-KING, ESQ.
Attorney for Debtors
239 East Water Street
Syracuse, New York 13202

DEILY, MOONEY & GLASTETTER, LLP.        BONNIE BAKER, ESQ.
Attorneys for HSBC Auto Finance             Of Counsel
8 Thurlow Terrace
Albany, New York 12203-1006

Hon. Stephen D. Gerling, Chief U.S. Bankruptcy Judge

## MEMORANDUM-DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

      Presently under consideration by the Court is a motion filed by Gary L. Surprise and Mary Ann Surprise (collectively, the "Debtors") on October 3, 2005, seeking damages from HSBC Auto Finance, f/k/a Household Auto Finance, a/k/a Household Automotive Finance ("HSBC") for an alleged violation of § 362 and § 524 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 ("Code"). HSBC filed opposition to the motion on October 27, 2005, to which the Debtors replied on October 31, 2005.

      The motion was heard at the Court's regular motion term in Syracuse, New York, on November 1, 2005. The motion was submitted for decision that day following oral argument.

## JURISDICTIONAL STATEMENT

The Court has core jurisdiction over the parties and subject matter of this contested matter pursuant to 28 U.S.C. § 1334, 157(a), (b)(1) and (b)(2)(A) and (O).

## FACTS

The Debtors entered into a retail installment contract with HSBC for the purchase of a 1998 Saturn SL2 ("Vehicle") on or about June 15, 2002. On January 24, 2005, the Debtors filed a voluntary petition pursuant to chapter 7 of the Code (Case No. 05-60398). HSBC was listed as a secured creditor with a claim of $5,886.68. According to the Debtors' Statement of Intention, filed with their petition, they intended to surrender the Vehicle. On April 25, 2005, the Debtors were granted a discharge. According to HSBC, on or about May 4, 2005, it retained the services of a private repossession firm to recover the Vehicle. The Vehicle allegedly was repossessed on or about May 20, 2005.

In the interim, on May 19, 2005, the Debtors filed a chapter 13 petition (Case No. 05-64065) while their chapter 7 case was still pending. The Debtors did not list HSBC as a creditor in the chapter 13 case and, allegedly, HSBC did not learn of the latter case until approximately July 18, 2005, at which time it filed a proof of claim in the amount of $5,902.61, indicating that it was secured.[1]

On July 29, 2005, HSBC filed a motion seeking relief from the automatic stay in the

---

[1] The bar date for filing proofs of claim was October 18, 2005.

3

chapter 13 case to allow it to sell the Vehicle. The motion was heard on September 20, 2005, and the Court signed an Order on September 21, 2005, granting the relief requested. Ultimately, HSBC withdrew its proof of claim on or about October 14, 2005 (Docket No. 41), approximately eleven days after the Debtors filed the motion now under consideration.

## ARGUMENTS

The Debtors contend that by filing its proof of claim in their chapter 13 case, HSBC violated the discharge injunction they received in the chapter 7 case. The Debtors also take the position that HSBC violated the automatic stay which arose in the chapter 13 case by misrepresenting itself as a secured creditor and by failing to inform the Court that in seeking relief from the automatic stay, it was merely seeking a "comfort order" to sell the Vehicle which had previously been surrendered by the Debtors. The Debtors point out that in its motion pursuant to Code § 362(d), HSBC represented to the Court that they were in default on their payment obligations to HSBC, implying a continuing obligation to make payments to HSBC despite the fact that the Vehicle had been repossessed. It is HSBC's position that when it learned of the Debtors' chapter 13 case it "acted in the most conservative fashion by filing a proof of claim and motion for relief from the stay in order to liquidate the vehicle." *See* Response to Reply Affirmation of Debtors' Counsel in Support of Debtors' Motion for Contempt, filed November 14, 2005 (Docket No. 18).

4

## DISCUSSION

Code § 362(h) provides that "[a]n individual injured by any willful violation of a stay provided in this section shall recover actual damages, including costs and attorneys' fees . . . ." 11 U.S.C. § 362(h). It is the Debtors' burden to establish "(1) that a bankruptcy petition was filed, (2) that the debtors are 'individuals' under the automatic stay provision, (3) that the creditors received notice of the petition, (4) that the creditors' actions were in willful violation of the stay, and (5) that the debtors suffered damages." *In re Sammon,*, 233 B.R. 672, 680 (Bankr. D.S.C. 2000) (citations omitted).

In *Sammon* the Internal Revenue Service filed a proof of claim in the debtors' chapter 13 case which the debtors asserted was inaccurate because it failed to credit them with a payment of $13,600. *Id.* It was the debtors' position that the filing of a proof of claim which was overstated constituted a violation of the automatic stay. The Court, in considering the debtors' motion, noted that the filing of a proof of claim is provided for by Rule 3002 of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.") and "is necessary for a creditor to protect its interests in a Chapter 13 case." *Id.* In addition, the court in *Sammon* indicated that "[n]umerous courts have held that the automatic stay implicitly does not bar a party from commencing a proceeding against the debtor in the court where the bankruptcy petition is pending." *Id.* at 680-81. It concluded that "[t]he filing of a Proof of Claim before a bankruptcy court, which is in control over the process of administering the property of the bankruptcy estate, is the logical equivalent of a request for relief from the automatic stay, which cannot in itself constitute a violation of the stay pursuant to § 362(h)." *Id.* at 681.

5

This Court concurs with the conclusion reached by the court in *Sammon*. The Debtors' motion must fail as a matter of law. Nothing that HSBC did, whether it be in filing its proof of claim or in seeking relief from the automatic stay, were actions taken outside the jurisdiction of this Court which violated either the injunction of Code § 524(a) or the automatic stay of Code § 362(a) . The appropriate remedy available to the Debtors was to have filed an objection to HSBC's proof of claim in the current chapter 13 case, pursuant to Fed.R.Bankr.P. 3007, which claim is now moot given its withdrawal by HSBC.

Based on the foregoing, it is hereby

ORDERED that the Debtors' motion seeking damages pursuant to Code § 524(a) and § 362(h) is denied.

Dated at Utica, New York

this 4th day of May 2006

/s/   Hon. Stephen D. Gerling
STEPHEN D. GERLING
Chief U.S. Bankruptcy Judge